Argued and submitted February 27, reversed April 22, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## LINDA LOUISE BAEHR,
*Appellant.*

(M-500665; CA A41580)

735 P2d 1275

Gregory C. Bennett, Portland, argued the cause and filed the brief for appellant.

Carol F. Munson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals her conviction for failure to perform the duties of a driver when property is damaged. ORS 811.700(1)(b).[1] She contends that the trial court erred in denying her motion for a judgment of acquittal, because the state failed to prove an element of the offense. We reverse.

Defendant was driving on a public street when she pulled her car into the driveway of a private home, where she collided with an unattended truck. She backed out of the driveway and drove off without notifying the truck's owner. A witness reported the matter to the police, and defendant was cited for the offense.

At trial, the state offered evidence that defendant entered the driveway from a public street, that she collided with the truck and that she did not notify the owner. Defendant moved for a judgment of acquittal, contending that the state had offered no evidence that the collision took place on "premises open to the public." ORS 811.700(2). The trial court denied the motion. The jury found defendant guilty.

The test for determining whether a motion for a judgment of acquittal should have been granted is

> " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[1] ORS 811.700 provides, in relevant part:

"(1) A person commits the offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform duties required under any of the following:

"* * * * *

"(b) If the person is the driver of any vehicle that collides with any vehicle that is unattended, the person shall immediately stop and:

"(A) Locate and notify the operator or owner of the vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle; or

"(B) Leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof.

"* * * * *

"(2) The offense described in this section, failure to perform the duties of a driver when property is damaged, is a Class A misdemeanor and is applicable on any premises open to the public."

doubt.' " *State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980), *quoting Jackson v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed 2d 560 (1979). (Emphasis in original.)

The state had the burden to prove each element of the crime charged beyond a reasonable doubt. That included proving that the collision took place "on any premises open to the public." ORS 801.400 provides that premises open to the public include

"any premises open to the general public for the use of motor vehicles, whether the premises are publicly or privately owned and whether or not a fee is charged for use of the premises."

The state argues that, by proving that the driveway connected with a public road and that defendant entered it without restriction, it proved that the driveway was open to the public. It relies on *State v. Mulder,* 290 Or 899, 904, 629 P2d 816 (1981), and *State v. Scott,* 61 Or App 205, 208, 655 P2d 1094 (1982). However, those cases are distinguishable. In each, evidence was presented showing that the premises were, in fact, open to the public. Here, the state offered no evidence that the driveway was open to the public. Therefore, the state failed to meet its burden to prove that element of the offense, and the trial court erred in denying the motion for a judgment of acquittal.

Reversed.