Submitted on record and briefs April 4, affirmed July 27, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JOSEPH JOHN PROBE,
*Appellant.*

D0303618M; A124475

117 P3d 310

Garrett A. Richardson filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge.*

ARMSTRONG, P. J.

---

* Landau, J., *vice* Richardson, S. J.

## ARMSTRONG, P. J.

Defendant appeals his convictions, after trial to the court, for driving under the influence of intoxicants (DUII), ORS 813.010, reckless driving, ORS 811.140, and two counts of failure to perform the duties of a driver, ORS 811.700. He assigns error to the trial court's denial of his motion for a judgment of acquittal on all counts, made on the ground that there was insufficient evidence that defendant was the driver of the vehicle or that the events giving rise to the charges occurred on premises open to the public for use of motor vehicles. We agree with the state that the evidence was sufficient and affirm.

McGee lived at the Forest Hills Golf Course in Cornelius, Oregon. At approximately 3:00 a.m. one morning, he heard a vehicle in the parking lot. He looked out his window and saw an SUV-type vehicle drive down the driveway and onto the golf course, crossing the fairways and greens. The vehicle left his sight for a few minutes and then came out of the golf course the way it had gone in and drove into McGee's wife's car, pushing it across the road and into a ditch. The SUV then left the golf course parking lot by a public road.

Officer Hall responded to a call concerning the incident. Driving on a public road in an area near the golf course, he saw two cars in a church parking lot. Officer McCloud also responded to the call and went to the church parking lot when he heard that Hall had found the suspected vehicle there. He saw a white Ford Bronco matching McGee's description of the vehicle that had been on the golf course and defendant standing by it. McCloud saw that the Bronco had a flat tire and broken fog lights. He saw fresh grass in the fender wells. He asked defendant who owned the Bronco, and defendant replied that it was his. He asked defendant if he had driven the Bronco that night, and defendant replied that he had. Defendant explained that he had just parked the Bronco before the officers arrived. McCloud asked defendant if he had been drinking, and defendant told him that he had had one and one-half beers before leaving Banks, Oregon, to drive to Cornelius. McCloud believed that defendant was

impaired and asked him to perform field sobriety tests. He then arrested defendant for DUII and took him to the station, where defendant took a breath test that registered .07 percent on the Intoxilizer. McGee later identified the Bronco as the vehicle that he had seen on the golf course.

Defendant was charged with and tried for the above-listed offenses. He moved for a judgment of acquittal, asserting that there was insufficient evidence that he had been driving the vehicle. According to defendant, because the statement attributed to defendant by McCloud was an uncorroborated confession made in the course of a criminal investigation, it could not support a conviction. He asserted, further, that there was no evidence that the charged offenses occurred on premises open to the public, which he contends is an element of each of the charged offenses. The trial court considered and rejected each argument and convicted defendant. On appeal, defendant continues to assert that the evidence is insufficient to support the convictions. In reviewing the trial court's ruling, we view the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the elements of the crimes beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

■■ The offenses of DUII, reckless driving, and failure to perform the duties of a driver each requires proof that the defendant was the driver of the vehicle. We agree with the state that the evidence was sufficient to establish that defendant was the driver of the Bronco. Contrary to defendant's contention, defendant's statement to McCloud that he had been driving the Bronco was not a "confession" for which corroboration is required,[1] because defendant's purpose in making the statement was not to acknowledge that he was guilty of a criminal offense. *State v. Manzella*, 306 Or 303, 759 P2d

---

[1] ORS 136.425(1) provides:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it is made under the influence of fear produced by threats; nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."

1078 (1988). The court could infer from defendant's statement and the other evidence that defendant had been driving the Bronco.

■    Defendant contends that the trial court erred in denying his motion for a judgment of acquittal on one of the counts of failure to perform the duties of a driver, which involved damage to the tenth fairway, because the state failed to establish that the tenth fairway is a "premises open to the public." Under ORS 811.700(1)(c), a person commits that offense if the person is the driver of a vehicle and fails to satisfy the statutorily required reporting duties after being involved in an accident "resulting only in damage to fixtures or property *legally upon or adjacent to* a highway * * *[.]" (Emphasis added.) ORS 811.700(2) provides that the offense of failure to perform the duties of a driver when property is damaged "is applicable on any premises open to the public." ORS 801.400 defines "premises open to the public" as "any premises open to the general public for the use of motor vehicles, whether the premises are publicly or privately owned * * *." The state concedes that the golf course itself is not a premises open to the public as defined in those statutes. There was evidence, however, that the damaged tenth fairway is adjacent to the public road and the public parking lot, both of which are premises open to the public. Viewing the evidence in the light most favorable to the state, we conclude that it was sufficient to convict defendant of the charged offense.

Affirmed.