Submitted May 18, affirmed July 26, petition for review denied
November 28, 2017 (362 Or 208)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE ESCUTIA HURTADO,
aka Jose Ventura Hurtado Escutia,
*Defendant-Appellant.*

Malheur County Circuit Court
15CR1523; A161867

401 P3d 1279

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## ORTEGA, P. J.

This case concerns whether certain statements that defendant made to police officers investigating the scene of a motor vehicle crash were either admissions or a confession. The distinction matters, in defendant's view, because he asserts that the evidence to support his convictions for reckless driving, ORS 811.140, and driving under the influence of intoxicants (DUII), ORS 813.010, is limited to his own statements, which directly and indirectly indicated that he had been driving. Those statements, he argues, constituted a confession and, under ORS 136.425(2),[1] a confession without other proof that a crime has been committed cannot support a conviction. Thus, defendant assigns as error the trial court's denial of his motion for judgment of acquittal in which he argued that an element of the charged crimes—that he was driving—could not be proved solely based on his uncorroborated confession. For the following reasons, we conclude that defendant's statements were admissions and not a confession. We therefore affirm.

The testimony at trial was as follows. At about 12:20 a.m., Deputy Hale was called to investigate a report that a car went off the side of Highway 201 South outside of Adrian, possibly involving intoxicated drivers. When Hale arrived, he saw that there were three vehicles at the scene—an SUV, a pickup truck, and a white car—and that five to eight men were milling about the scene. The deputy pointed to the white car and asked the group who its driver was, and defendant responded that he was the driver. In response to the deputy's inquiries, two of the other men acknowledged being the drivers of the other two vehicles.

Trooper Waddell arrived at the scene at 1:10 a.m. She approached defendant, who indicated that he was the driver, but not the owner, of the white car. Waddell also saw that a broken telephone box, lying in between two tire furrow marks, had been knocked down from a wooden post located at the top of the embankment. Waddell asked how defendant had arrived at the side of the road, and defendant replied

---

[1] ORS 136.425(2) relevantly provides that "a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."

that he had been travelling southbound and pulled off so that he could relieve himself. She then asked him where he left the roadway and pointed to a location where tire marks went up the embankment to the damaged telephone box. The trooper also asked defendant if he had seen the telephone box before striking it, and defendant answered that he had not seen it but that he would pay for the damage.

Waddell also asked defendant where he was coming from and whether he had been drinking that evening. Defendant told her that he was coming from a soccer game in Ontario at which he had had about three or four beers, that he had not had any beers at the scene, and that he believed that his drinking had not affected his ability to drive. Waddell then conducted an investigation into whether defendant had been driving under the influence of intoxicants. After defendant failed field sobriety tests, Waddell placed him under arrest and took him to a nearby police station to determine his blood alcohol content with an Intoxilyzer. The test indicated that defendant's blood alcohol content was 0.13 percent.

Defendant testified at trial and, although he did not contradict the officers' testimony, he asserted that he had not been the one driving. According to defendant, after the soccer game in Ontario, he went to a ranch where he drank with two men, Marcario and Rodriguez, and then went into the white car, buckled himself into the front passenger seat, and fell asleep. The next thing he knew, he woke up in the car at the scene of the car crash with Marcario and Rodriguez. Defendant's lawyer then asked him, "So when the officers were questioning you, you told them that you were the one that was driving the car?" Defendant replied, "Honestly, I don't know what I answered them. I was quite drunk and I don't remember everything I said to them." When asked why he would tell the officers that he had been driving the car, defendant replied, "Honestly, I don't know. Maybe I thought they were just going to let us go so that I could go to work."

Defendant moved for a judgment of acquittal, asserting that his statements were an uncorroborated confession and therefore insufficient under ORS 136.425(2) to establish

that he had been driving.[2] The trial court found defendant guilty of DUII and reckless driving, ruling that,

> "[w]hile certainly his statements that he was driving could certainly be seen as a confession to one of the elements of the crimes to which he was charged, he made several admissions that would not be confessions.
>
> "*** He said that someone else owned the vehicle, that he was going to the bathroom or he wanted to go to the bathroom, and that's when he thought he might have hit the telephone box. He made statements about he would pay for the telephone box.
>
> "He made several other statements regarding the surrounding of the incident that would be taken as admissions and certainly, those admissions could be considered in addition to his confession. And on top of that, there is circumstantial evidence in this case. The vehicle was off the side of the road and he was standing near the vehicle at the time, or at least around the vehicle when the officers contacted him. So given that, I don't find that if he is convicted that it would only be done on the basis of his confession."

On appeal, defendant argues that the statements expressly stating that he was the driver of the car and his statements indirectly indicating that he was driving—that he pulled off to the side of the road to relieve himself and that he did not see the telephone box before knocking it down and that he would pay for it—constituted a confession. Moreover, defendant contends, that confession was uncorroborated—because defendant was not the only one at the scene who could have driven the car and there was no evidence other than his statements indicating that he was the driver.[3]

---

[2] After the close of the state's case, defendant moved for judgment of acquittal on the basis that there was no direct evidence that defendant was driving that night. During closing arguments, defendant expanded on that argument to include the one he raises on appeal—that his statements were an uncorroborated confession. *See State v. Baranovich*, 241 Or App 280, 249 P3d 1284, *rev den*, 350 Or 571 (2011) (a defendant may preserve a challenge to the sufficiency of the evidence in a bench trial by clearly raising that issue during closing argument).

[3] Defendant also raises an unpreserved argument that the court's denial of his motion for judgment of acquittal violated his right to due process under the Fourteenth Amendment to the United States Constitution. Accordingly, we do not address that argument.

DUII and reckless driving offenses both require proof that the defendant was the driver of the vehicle. *State v. Probe,* 200 Or App 708, 711, 117 P3d 310 (2005). This case presents the issues of whether defendant's statements to the investigating officers constituted a confession or admissions that he was driving the car, and if they were a confession, whether it was corroborated by "some other proof." As noted, ORS 136.425(2) provides, in part, that "a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed." A "'confession' must have been made after the commission of the crime in question, *for the purpose of acknowledging that the speaker is guilty of some criminal offense.*" *State v. Manzella,* 306 Or 303, 316, 759 P2d 1078 (1988) (emphasis added). On the other hand, a "defendant's statement, if it is made for some purpose other than to acknowledge guilt, and if it is not so closely related to the defendant's confession as to become a part of it, is properly deemed an admission and may itself be used to corroborate the defendant's confession." *State v. Simons,* 214 Or App 675, 682-83, 167 P3d 476 (2007), *rev den,* 344 Or 43 (2008) (citing *Manzella,* 306 Or at 315-16).

In *Manzella,* the Supreme Court set out guidelines that it applied to circumstances similar to this case. There, a police officer was dispatched to the scene of an automobile accident where the vehicles involved in the accident were parked in a nearby parking lot. 306 Or at 305. The defendant told the officer that he had been stopped in the traffic lane waiting to make a left-hand turn when he was hit from behind by another vehicle. When the officer checked the defendant's driver's license, he discovered that the defendant's driving privileges had been restricted and that the defendant was driving outside what those restrictions allowed. After the officer confronted defendant with that information, the defendant admitted that he knew that he had violated his driving restrictions. *Id.* The defendant was charged with driving while suspended and, at trial, moved for a judgment of acquittal, arguing that his statements to the officer were in violation of the statute prohibiting uncorroborated confessions as the sole means to obtain

a conviction.[4] *Id.* at 305-06. The court concluded that the defendant's statement that he knew that he had violated his license restrictions by driving was "without a doubt, a confession." *Id.* at 316. However, the defendant's initial statement that he was rear-ended by another car while he waited to turn left was not made for the purpose of acknowledging guilt of a crime. Rather, the court concluded, the defendant made it to further the officer's investigation of an automobile accident and, therefore, that statement was an admission and not part of the defendant's confession. *Id.*

We applied the holding in *Manzella* to similar circumstances in *Probe.* 200 Or App at 710-11. There, a resident of a golf course reported that an SUV had driven onto the course, crossing fairways and greens, before it hit a parked car, pushing it across a road and into a ditch. The driver of the SUV drove away from the scene but was later discovered in a nearby parking lot by an officer responding to the incident. The officer saw the defendant standing next to an SUV that matched the incident report and noticed that it had a flat tire and broken fog lights. The officer asked the defendant if the SUV belonged to him and whether he had been driving it that night. The defendant replied that he owned the SUV, had been driving it, and had just parked it in the parking lot. *Id.* at 710. The officer then conducted an investigation into whether the defendant was impaired and, after determining that he was, arrested him for DUII, reckless driving, and failure to perform the duties of a driver, each of which we stated required proof that the defendant was the driver of the SUV. *Id.* at 711. Like the defendant in *Manzella*, the defendant moved for a judgment of acquittal on the basis that the sole evidence that he was the driver was his confession that he had been driving. And, like the court in *Manzella*, we concluded that the defendant's acknowledgement that he was the driver was not a confession because the purpose of making the statement was not to acknowledge guilt of a crime. *Id.*

---

[4] At the time, the provision disallowing uncorroborated confessions as the evidence of a crime was numbered ORS 136.425(1) (1987). The legislature amended the statute in 2009 to provide that a confession alone in some circumstances is sufficient to allow a conviction. Or Law 2009, ch 875, § 1; *see also* ORS 136.427 (setting forth those circumstances). Those circumstances are not pertinent here.

The state argues that the circumstances of this case are like those in *Manzella* and *Probe*—that is, that defendant's statements were made to aid the officers' investigation of the crash. We agree. Like in *Manzella* and *Probe*, defendant's statements were responses to questions that Hale and Waddell asked in order to assess the circumstances of the reported vehicle crash: Who was driving which vehicle? Who did the vehicles belong to? Why were the cars on the side of the road? How was the telephone box damaged? The record does not support a determination that the purpose of defendant's answers to the officers' investigatory questions was to acknowledge guilt of a *crime*. In other words, conduct such as driving, pulling off to the side of the road, and damaging property do not necessarily constitute the crimes of driving recklessly or DUII. *See* ORS 161.085(9) (the term "recklessly" means, in part, that "a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists"). Moreover, defendant's statements were not made in response to statements confronting him with evidence of a crime like the officer did in *Manzella*. Accordingly, because defendant's statements were admissions, not a confession, they could be used to prove the case against him for driving recklessly and under the influence of intoxicants.

Affirmed.