Argued and submitted January 11, affirmed June 14, petition for review denied October 19, 2023 (371 Or 509)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# RYAN GRANT CLEAVER,
*Defendant-Appellant.*

## Malheur County Circuit Court
## 20CR65253; A177908

532 P3d 87

Defendant appeals from a judgment convicting him of private indecency, ORS 163.467, and assigns error to the denial of his motion for judgment of acquittal, contending that there was insufficient evidence that he exposed himself in a "place where another person has a reasonable expectation of privacy." *Held*: The legislature defined a "place where another person has a reasonable expectation of privacy" to include a "residence." Here, the state adduced sufficient evidence for a reasonable factfinder to conclude that defendant exposed himself to the victim in a "residence." The trial court did not err.

Affirmed.

Robert S. Raschio, Judge.

Laura Graser argued the cause and filed the briefs for appellant.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment convicting him of private indecency, ORS 163.467, and assigns error to the trial court's denial of his motion for judgment of acquittal. Defendant contends that the state failed to adduce sufficient evidence that he exposed himself in a "place where another person has a reasonable expectation of privacy" because the victim, his 17-year-old daughter, did not have a reasonable expectation of privacy in the "marital bedroom" that he and his wife share. We affirm.

The relevant facts are few, and we recount them in the light most favorable to the state, drawing all reasonable inferences in the state's favor. *State v. Zamora*, 326 Or App 140, 142, 530 P3d 914 (2023). In November 2020, defendant's 17-year-old daughter, A, lived with defendant and his wife in their home. A entered defendant's bedroom, which he shares with his wife, to ask defendant about an upcoming shopping trip. Defendant was lying on the bed, fully clothed, and A was talking to her boyfriend on her cell phone. A few minutes later, defendant exposed his penis and began masturbating. A ended the call with her boyfriend and began recording a video of defendant with her cell phone. The video, which the state introduced at trial, shows defendant stroking his erect penis for about one minute while A and defendant engage in casual conversation. Although A generally understood that she was not allowed to enter her parents' bedroom unless she was invited, the door was open, and defendant never asked her to leave.

The state charged defendant with private indecency, ORS 163.467.[1] At the close of the state's evidence,

---

[1] ORS 163.467 provides:

"(1) A person commits the crime of private indecency if the person exposes the genitals of the person with the intent of arousing the sexual desire of the person or another person and:

"(a) The person is in a place where another person has a reasonable expectation of privacy;

"(b) The person is in view of the other person;

"(c) The exposure reasonably would be expected to alarm or annoy the other person; and

"(d) The person knows that the other person did not consent to the exposure.

defendant moved for judgment of acquittal. He argued that there was insufficient evidence that he was in a "place where another person has a reasonable expectation of privacy," ORS 163.647(1)(a), to convict him as a matter of law because, in his view, A had no reasonable expectation of privacy in defendant's bedroom; defendant argued that only he and his wife have a reasonable expectation of privacy in their bedroom. Defendant contended that a person's reasonable expectation of privacy varies with the room because "different rooms of [a] house have different purposes."

The state responded that defendant was misconstruing "place where another person has a reasonable expectation of privacy" as a place where that other person has a right to exclude others or be free from observation. Correctly understood, the state argued, that element focuses on whether the defendant is in a place where another person has a reasonable expectation to be free from the intrusion of someone indecently exposing themselves to the person. The state pointed to ORS 163.467(4), which expressly includes "residences" as a "place where another person has a reasonable expectation of privacy," and argued that A had a reasonable expectation of privacy in her parents' bedroom because she was in a residence, regardless of which particular room she was in within the residence. The trial court denied defendant's motion.

On appeal, the parties reprise the arguments they made to the trial court. Thus, the issue before us is whether the state adduced sufficient evidence that defendant was in a "place where another person has a reasonable expectation of privacy" within the meaning of ORS 163.467. We conclude that it did and that the trial court therefore correctly denied defendant's motion for judgment of acquittal.

We have previously construed "place where another person has a reasonable expectation of privacy" to include,

---

"(2)  Private indecency is a Class A misdemeanor.

"(3)  Subsection (1) of this section does not apply to a person who commits the act described in subsection (1) of this section if the person cohabits with and is involved in a sexually intimate relationship with the other person.

"(4)  For purposes of this section, 'place where another person has a reasonable expectation of privacy' includes, but is not limited to, residences, yards of residences, working areas and offices."

as a matter of law, those places set forth in ORS 163.467(4). In *State v. Miller*, 242 Or App 572, 256 P3d 171 (2011), the defendant was charged with private indecency for masturbating in a holding cell in view of the victim, who was seated in a hallway across from the defendant's cell awaiting a court proceeding in an unrelated criminal case. The hallway was not open to the public, but it was open to judges, court staff, maintenance personnel, and occasional escorted tour groups. *Id.* at 574. On appeal, the defendant challenged the denial of his motion for judgment of acquittal and argued that the victim was not in a place where she had a reasonable expectation of privacy. The state remonstrated that "the victim was in a 'working area,' which is a specifically protected area under ORS 163.467(4)." *Id.* at 577.

We agreed with the state. In construing the private indecency statute, we first observed that, "[i]n ORS.163.467(4), the legislature *defined* 'place where another person has a reasonable expectation of privacy' for purposes of ORS 163.467." *Id.* (emphasis added). We then construed one such place, "working area," and concluded that the evidence was sufficient for a reasonable factfinder to conclude that the jail hallway was "a 'working area' and thus a 'place where another person has a reasonable expectation of privacy.'" *Id.* at 578.

The analysis in *Miller* applies equally to this case. There is no dispute that defendant exposed himself to A while in defendant's bedroom, nor is there any dispute that the bedroom was inside defendant's and A's "residence." *See Webster's Third New Int'l Dictionary* 1931 (unabridged ed 2002) (defining "residence" as "a building used as a home : DWELLING"). Accordingly, there was sufficient evidence here for a reasonable factfinder to conclude that defendant's bedroom was part of a "residence," ORS 163.467(4), and thus a "place where another person has a reasonable expectation of privacy," ORS 163.467(1)(a). The trial court therefore correctly denied defendant's motion for judgment of acquittal.

In arguing for a different result, defendant makes several related arguments, none of which we find persuasive. We understand defendant to argue that a "place where another person has a reasonable expectation of privacy"

depends on whether the person has a right to access the place, a right to be free from scrutiny while in the place, and a right to exclude others from the place that is superior to the defendant's right to exclude others from the place. We disagree. As we recently held in *State v. Wimmer*, 325 Or App 372, 379, 529 P3d 307 (2023), the legislature enacted the private indecency statute with the intent "to cover situations where the [inappropriate] exposure occurs in a place that a person reasonably expects is not public." That is, for purposes of ORS 163.467(1)(a), a person has a reasonable expectation of privacy in a place when the person reasonably expects that the place is not public—*i.e.*, it is a place to which the general public does not have access—regardless of whether the person has a right to access the place or to be free from scrutiny while in that place. We also concluded that there is no indication in the text, context, or legislative history that "reasonable expectation of privacy" in ORS 163.467 is meant to incorporate the standard under the Fourth Amendment. *Id.* at 376-77. Nor is there any indication that *the defendant's* reasonable expectation of privacy is relevant to the analysis; indeed, the statute requires only that the defendant's exposure occur at a "place where *another person* has a reasonable expectation of privacy." ORS 163.467(1)(a) (emphasis added).

Finally, defendant argues that construing ORS 163.467(1)(a) to include those places listed in ORS 163.467(4) by definition would lead to "absurd results." However, "without ambiguity as to the legislative intent after consulting the text, context, and legislative history, we do not reach canons of construction." *Coos Waterkeeper v. Port of Coos Bay Oregon*, 363 Or 354, 371-72, 423 P3d 60 (2018) (citing *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009)).

Affirmed.