76 November 8, 2023 No. 580

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY DUANE PETERSON,
*Defendant-Appellant.*

Lane County Circuit Court
20CR69212, 20CR51858;
A175984 (Control), A176010

Jay A. McAlpin, Judge.

Argued and submitted December 20, 2022.

Marc Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

In Case No. 20CR69212, convictions on Counts 3 and 4 reversed; remanded for resentencing; otherwise affirmed. In Case No. 20CR51858, affirmed.

**HELLMAN, J.**

In this consolidated criminal appeal, defendant appeals from a judgment of conviction and a probation violation judgment. He assigns error to the trial court's denial of his motion for judgment of acquittal on Counts 3 and 4 in Case No. 20CR69212, failure to perform the duties of a driver when property is damaged, ORS 811.700, arguing that the evidence was legally insufficient to support a conviction. As explained below, we conclude that the state's evidence was insufficient for a rational factfinder to determine that the collisions occurred on premises open to the public as required by ORS 811.700(3).

In doing so, we overrule the ORS 811.700 holding in *State v. Probe*, 200 Or App 708, 117 P3d 310 (2005), as "plainly wrong" under *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017), and inconsistent with our other case law addressing ORS 811.700.[1] As we explain below, that holding is susceptible to two interpretations, neither of which is legally correct. In addition, we imposed liability under ORS 811.700(1)(d) in a way that is contrary to the statutory language. Under a correct interpretation of the law, we reverse defendant's convictions on Counts 3 and 4 and remand for resentencing. We otherwise affirm.[2]

We recount the facts "in the light most favorable to the state, drawing all reasonable inferences in the state's favor." *State v. Cleaver*, 326 Or App 332, 333, 532 P3d 87 (2023). W and her mother, M, lived in a house that faced a three-way intersection, and their driveway formed the end of the bisecting roads. In December 2020, defendant stole an SUV that was parked four blocks from W and M's house. At approximately 10:30 p.m., W saw the SUV run a stop sign in front of the house and enter the driveway where it hit

---

[1] Because this opinion overrules our existing precedent, the panel specifically advised all members of the court of the effect of its decision, but neither the Chief Judge nor a majority of the regularly elected or appointed judges referred, under ORS 2.570(5), the cause to be considered en banc. Judge Mooney did not participate in any part of that process for this case.

[2] Although it appears that the trial court based its decision to revoke defendant's probation in Case No. 20CR51858, in part, on those new convictions, defendant does not request that we reverse the probation violation judgment if we reverse his convictions on Counts 3 and 4 or argue that we should do so. We therefore do not express an opinion on that judgment.

M's parked sedan. The SUV then drove onto the front yard and hit a tree that fell onto the house. W found defendant in the driver's seat of the SUV. Defendant gave W a false name and left the scene on foot without providing any contact information.

Defendant was charged with, among other offenses, failure to perform the duties of a driver when property is damaged, ORS 811.700 (Counts 3 and 4). At trial, W and M testified about the damage, and the state presented evidence that the roads that formed the three-way intersection in front of the house were public roads. Defendant moved for acquittal on Counts 3 and 4, arguing that the damage to the sedan and the house did not occur on premises open to the public. The trial court denied the motion, explaining that the collisions occurred on property adjacent to a highway. The jury convicted defendant of Counts 3 and 4, as well as two other counts not at issue in this appeal.

On appeal, defendant contends that the trial court erred in denying his motion for judgment of acquittal on Counts 3 and 4 because the state failed to present evidence that the collisions occurred on premises open to the public as required by ORS 811.700(3). The state responds that the trial court correctly denied the motion because the state's evidence was sufficient for a rational trier of fact to find that the driveway was open to the public (Count 3) and that the damaged home was "adjacent to a highway" under ORS 811.700(1)(d) (Count 4).

When our "review of a ruling on a motion for a judgment of acquittal centers on the meaning of the statute defining the offense, the issue is one of statutory construction that we review for legal error." *State v. McQueen*, 307 Or App 540, 544, 478 P3d 581 (2020) (internal quotation marks omitted). After we settle the legal issue, we "examin[e] the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Hunt*, 270 Or App 206, 209, 346 P3d 1285 (2015) (internal quotation marks omitted).

We begin our analysis with the statute in dispute. A person commits the crime of failure to perform the duties of a driver when property is damaged when "[a] driver of a vehicle who knows or has reason to believe that the driver's vehicle was involved in a collision * * * that results in damage to property" fails to perform certain enumerated duties. ORS 811.700(1). "The offense described in [ORS 811.700], failure to perform the duties of a driver when property is damaged, is a Class A misdemeanor and is applicable on any premises open to the public." ORS 811.700(3). Consistent with the text of the statute, we have held that a collision that occurred on premises open to the public is an element of ORS 811.700 on which the state bears the burden of proof. *State v. Baehr*, 85 Or App 155, 158, 735 P2d 1275 (1987) ("The state had the burden to prove each element of the crime charged beyond a reasonable doubt. That included proving that the collision took place 'on any premises open to the public.'").

In a combined argument, defendant argues that the evidence was insufficient to prove that the collisions that damaged the sedan and the house occurred on "premises open to the public." "Premises open to the public" is defined as "any premises open to the general public for the use of motor vehicles, whether the premises are publicly or privately owned and whether or not a fee is charged for the use of the premises." ORS 801.400. Because the terms "premises" and "general public" are not defined in the Oregon Vehicle Code, we give those terms their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). As relevant here, the definition of "premises" is "a specified piece or tract of land with the structures on it" and "public" means "the people as a whole." *Webster's Third New Int'l Dictionary* 1789, 1836 (unabridged ed 2002).

Our case law confirms that understanding. We have held that "the phrase should be defined so as to achieve its primary purpose, which is to protect members of the public from serious driving offenses[.]" *State v. Sterling*, 196 Or App 626, 630, 103 P3d 1162 (2004). Specifically, "the key evidentiary fact the state has to prove is that members of the public, including 'those with a legitimate business purpose,

such as garbage collectors, meter readers and paper carri-
ers, are allowed on the premises.'" *Id.* at 630-31 (quoting
*State v. Scott*, 61 Or App 205, 207, 655 P2d 1094 (1982)).

In *State v. Mulder*, 290 Or 899, 901, 904, 629 P2d
816 (1981), the Supreme Court held that a rational trier of
fact could find that an apartment parking lot was open to
the public when the state presented evidence that "paper-
boys, the milkman, and people like that" used the parking
lot and that "no attempt" was made to prohibit members of
the public from accessing it. In contrast, in *Baehr*, we held
that the mere fact that a residential driveway connects to
a public road without a barrier is insufficient to satisfy the
state's burden. 85 Or App at 158. In *Baehr*, the defendant
was driving on a public street and pulled her car into a res-
idential driveway, colliding with an unattended truck. *Id.*
at 157. Although the state argued that its evidence was suf-
ficient for a conviction because the driveway connected to a
public road and nothing prevented the defendant's car from
entering it, we concluded that the state "offered no evidence
that the driveway was open to the public" and, consequently,
failed to meet its burden. *Id.* at 158.

The sole reason that this case is not a straightfor-
ward application of *Mulder* and *Baehr* is because of *Probe*,
200 Or App at 712, a case on which the state relies heavily.
In *Probe*, the defendant was charged with failure to perform
the duties of a driver, based on damage he caused by driving
his car on a private golf course.[3] *Id.* at 711. On appeal, he
challenged the trial court's denial of his motion for judg-
ment of acquittal, asserting that the state's evidence was
insufficient to prove that the golf course on which he drove
was open to the public as required by *former* ORS 811.700(2)
(2005) *renumbered as* ORS 811.700(3) (2019). *Id.* at 712.
Despite the state's concession that the golf course was not a
"premises open to the public" we affirmed, explaining that

"[t]here was evidence, however, that the damaged tenth
fairway is adjacent to the public road and the public parking

---

[3] The defendant was charged under *former* ORS 811.700(1)(c) (2005) which
applied when a collision "result[ed] only in damage to fixtures or property legally
upon or adjacent to a highway[.]" That subsection is currently numbered as ORS
811.700(1)(d).

lot, both of which are premises open to the public. Viewing the evidence in the light most favorable to the state, we conclude that it was sufficient to convict defendant of the charged offense."

*Id.*

Admittedly, the rationale for our decision in *Probe* is not entirely clear. Every theory of liability under ORS 811.700 requires proof that the collision itself occurred on premises open to the public. ORS 811.700(3) ("The offense described in this section, failure to perform the duties of a driver when property is damaged *** is applicable on any premises open to the public."); *Baehr*, 85 Or App at 158. But in *Probe*, we affirmed the defendant's conviction despite an absence of evidence that the golf course on which the collision occurred was a premises open to the public. Although our opinion lacks explicit analysis, it appears that we relied on evidence of the location of the damaged property, rather than evidence of the location of the collision that resulted in the damaged property, to determine that a driver could face criminal liability if the damaged property was "adjacent to *** premises open to the public." But the location of the resulting damaged property is relevant to the duties that arise under ORS 811.700(1)(d) (providing a driver's duties when a collision results "only in damage to fixtures or property *legally upon or adjacent to a highway*" (emphasis added)). It does not supplant or satisfy the requirement that the collision from which the damage results occur on premises open to the public under ORS 811.700(3). Indeed, "legally upon or adjacent to a highway" and "premises open to the public" and are legally distinct concepts. *Compare* ORS 801.305 (defining "highway") *with* ORS 801.400 (defining "premises open to the public"). Thus, when we used them interchangeably, our analysis for criminal liability was contrary to the statute. Whether we ignored an element of the offense or allowed proof of one element to satisfy proof of another, our application of the statute in *Probe* was wrong.

Defendant contends that *Probe* "was wrongly decided and should be overturned." In contrast, the state argues that the case was correctly decided and urges us to adhere to it. We agree with defendant's position. Upon

review, *Probe* cannot stand because it is legally incorrect. The state must prove that a collision itself took place on a premises open to the public. ORS 811.700(3). And evidence that a collision damaged property that was legally upon or adjacent to a highway does not establish that the collision itself occurred on a premises open to the public. Instead, to support a conviction, the state was required to introduce evidence about the location of the collision itself, such as the evidence presented in *Mulder* that members of the general public used the premises and there was no attempt made to prevent them from doing so. Moreover, because they are distinct concepts, "premises open to the public" and "damage to fixtures or property legally upon or adjacent to a highway" cannot be used interchangeably.

Overruling prior case law is not done lightly, and we do so only when we find it to be "plainly wrong." *State v. Bates*, 315 Or App 402, 413, 500 P3d 746 (2021); *Civil*, 283 Or App at 406. "That standard is 'a rigorous standard grounded in presumptive fidelity to *stare decisis*.'" *Bates*, 315 Or App at 413 (quoting *State v. B. A. F.*, 290 Or App 1, 3, 414 P3d 486 (2018)). However, we will overrule a case in appropriate circumstances. One of those is the situation here— when "an earlier decision is not well reasoned or conflicts with other decisions." *State v. McCarthy*, 369 Or 129, 144, 501 P3d 478 (2021). In those cases, the offending case "can be difficult to apply and can result in confusion and uncertainty." *Id.* In other words, "adherence to case law that is in conflict and demonstrably in error is not costless. It produces its own threats to stability and predictability—the very virtues that *stare decisis* is supposed to promote." *Horton v. OHSU*, 359 Or 168, 282, 376 P3d 998 (2016) (Landau, J., concurring), *cited with approval in McCarthy*, 369 Or at 144. Allowing *Probe* to stand when its ORS 811.700 holding is plainly wrong would continue to contribute to confusion in our law. We thus overrule it.

Without *Probe*, this case is squarely controlled by *Baehr*. As explained above, the state had the burden of proving that the driveway and the yard were open to the public. As to Count 3, the state acknowledged at oral argument that there was no direct or affirmative evidence that the

public were allowed to or did use the driveway in question. However, the state argues that a photograph of the driveway was sufficient to prove that it was open to the public because the photograph showed a "wide concrete pad with a curb that was even with, and opening out to, the level of the street." We disagree. Evidence that a driveway connects to a public road—without more—is insufficient for a rational trier of fact to find that it was open to the public. *Baehr*, 85 Or App at 158. Because the record lacks any evidence that members of the public were allowed to use their vehicles on the victims' driveway, we conclude that no rational trier of fact could have found that it was a premises open to the public.

Similarly, we conclude as to Count 4 that the state failed to present evidence that would allow a finding that the yard was a premises open to the public. Although the state elicited testimony supporting a finding that the damaged house was adjacent to a public highway, the state offered no evidence that the yard—where the SUV that defendant drove collided with the tree that damaged the house—was "open to the general public for the use of motor vehicles[.]" *See* ORS 801.400. Therefore, the trial court erred when it denied defendant's motion for judgment of acquittal on Counts 3 and 4.

In Case No. 20CR69212, convictions on Counts 3 and 4 reversed; remanded for resentencing; otherwise affirmed. In Case No. 20CR51858, affirmed.