No. 573	August 14, 2024	409

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIK IGOREVICH CHUMACHENKO,
*Defendant-Appellant.*

Clackamas County Circuit Court
19CR10687; A176916

Katherine E. Weber, Judge.

Submitted February 5, 2024.

David J. Celuch filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. In a single assignment of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal (MJOA) because the state failed to prove that he had been driving. For the following reasons, we affirm.

When reviewing the denial of an MJOA, "[w]e view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). We state the facts consistently with that standard.

At trial, the trooper who arrested defendant was the state's only witness. The trooper testified that he responded to a report of a car crash on a highway and observed that "only one vehicle was involved and there was no other vehicles there." The trooper noticed that the car was partially blocking a turn lane and that the car's front bumper had been "shoved in the back seat." Defendant was in the back of an ambulance. After the paramedics left, the trooper asked defendant if he was injured, what direction he was traveling in, and what had happened. Defendant stated that he was coming from a friend's house, that he had turned too early, and that he drove into a ditch. During that conversation, the trooper noticed the odor of alcohol on defendant's breath and that defendant's eyes were "bloodshot and glassy," so he asked defendant if he had been drinking. Defendant said that he had a sip of an alcoholic beverage earlier that evening. The trooper then asked defendant if he would perform field sobriety tests. After defendant performed the tests, the trooper placed defendant under arrest for DUII. The trooper then searched the car and found defendant's driver's license in the center console. When the state rested its case, defendant moved for acquittal, contending that the state could not "corroborate the element of driving." The trial court denied the motion, and the jury found defendant guilty. This appeal followed.

On appeal, defendant contends that the state failed to prove that he had been driving.[1] Specifically, defendant argues that his statements to the trooper that he had driven to the crash site constituted an uncorroborated confession that could not support a conviction and that the state offered no other evidence that defendant had been driving. In response, the state argues that, under *State v. Manzella*, 306 Or 303, 759 P2d 1078 (1988), and *State v. Hurtado*, 287 Or App 1, 401 P3d 1279, *rev den*, 362 Or 208 (2017), defendant's statements constituted legally sufficient evidence because they were admissions, not a confession. We agree with the state's argument.

Under ORS 136.425(2), "a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed." The Supreme Court has explained that "a 'confession' must have been made after the commission of the crime in question, for the purpose of acknowledging that the speaker is guilty of some criminal offense." *Manzella*, 306 Or at 316. In contrast, a statement that is "made for some purpose other than to acknowledge guilt" and that is "not so closely related to [a] confession to be a part of it" constitutes an admission. *Id.* An admission does not require corroboration and can be used to prove a case against a defendant. *Id.*; *Hurtado*, 287 Or App at 6.

We applied that distinction in *Hurtado*. In that case, the defendant argued that his "statements expressly stating that he was the driver of the car and his statements indirectly indicating that he was driving" constituted an uncorroborated confession. 287 Or App at 4. We concluded that the statements were admissions:

> "[The] defendant's statements were responses to questions that [the officers] asked in order to assess the circumstances of the reported vehicle crash: Who was driving which vehicle? Who did the vehicles belong to? Why were the cars on the side of the road? *** The record does not support a determination that the purpose of defendant's answers to the officers' investigatory questions was to acknowledge guilt of a *crime*. In other words, conduct such

---

[1] "DUII *** require[s] proof that the defendant was the driver of the vehicle." *State v. Hurtado*, 287 Or App 1, 5, 401 P3d 1279, *rev den*, 362 Or 208 (2017).

as driving, pulling off to the side of the road, and damaging property do not necessarily constitute the crimes of driving recklessly or DUII."

*Id.* at 7 (emphasis in original).

*Hurtado* is instructive here. Like the officers in *Hurtado*, the trooper asked his initial questions—including what direction defendant was travelling in and what happened—to assess a reported car crash. Defendant's responses to those questions—including that he had turned too early and drove into a ditch—describe conduct that "[does] not necessarily constitute the crime[] of *** DUII." *Id.* Because the record does not support a determination that defendant responded to the trooper's initial questions for the purpose of acknowledging guilt of a crime, we conclude that those statements constituted admissions that could be used to prove that he had been driving. *See id.* ("[B]ecause defendant's statements were admissions, not a confession, they could be used to prove the case against him for driving recklessly and under the influence of intoxicants."); *Manzella*, 306 Or at 316 (concluding that the defendant's statement that he had been rear-ended while waiting to turn was not a confession and "could be used to provide some proof, other than the confession, that [the] defendant had been driving" because the defendant "did not make that statement for the purpose of acknowledging guilt; he made it to further [the officer's] investigation of an automobile accident").

In sum, viewing the evidence in the light most favorable to the state, we conclude that a rational trier of fact could have found that defendant had been driving. The trial court did not err when it denied the MJOA.

Affirmed.